IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Anthony Michael Williams, | ) | Case No. 9:24-cv-00876-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lt. Pilgram and Sgt. Atkens, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation ("Report"). ECF No. 49. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report. On December 1, 2025, Defendants filed a motion for summary judgment. ECF No. 43. Plaintiff filed a response in opposition and Defendants filed a reply. ECF Nos. 47, 48. On February 20, 2026, the Magistrate Judge issued a Report recommending that the motion be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report, and Defendants filed a reply. ECF Nos. 51, 52.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Plaintiff brings claims pursuant to the Ninth, Eleventh, Twelfth, Thirteenth, and Fourteenth Amendments against Defendants in their official capacities. Because Plaintiff filed objections, the Court's review has been de novo. [1]

### *Discovery*

The Court begins with a discussion of discovery in this case. As explained in more detail by the Magistrate Judge, the undersigned previously reopened discovery upon the

---

[1] Plaintiff casts various aspersions on Defendants' attorney(s) and seems to assert that he falsified affidavits and/or other evidence. These types of allegations appear frequently across Plaintiff's cases. The Court notes that Plaintiff has provided no evidence in support of these allegations.

statements by Plaintiff that he had been unable to conduct discovery.  ECF No. 38.  The reopened deadline has passed.  In response to the motion for summary judgment, Plaintiff did not produce any additional evidence obtained through discovery; at no time during discovery did he file any motions related to discovery in this Court.  To the extent any of Plaintiff's objections raise an argument that he has not been able to conduct discovery, those objections are overruled.  *See Simon v. Paige,* No. CA 9:13-3025-RMG, 2015 WL 1145781, at *3 (D.S.C. Mar. 13, 2015) (finding Rule 56(d) relief not warranted where plaintiff did not seek any discovery until after the discovery deadline), *aff'd*, 610 F. App'x 269 (4th Cir. 2015).  As noted by the Magistrate Judge, the evidence before the Court is unchanged.[2]

---

[2] Plaintiff makes general allegations that evidence was taken from his dorm by Deputy Herton.  To the extent he intends this as an argument for why he has produced no additional evidence, the Court finds that it is deficient.  First, he has not identified what type of evidence was taken or even that it was related to this action.  Second, Plaintiff also argues that he was not able to produce additional evidence because the deputies would not sign affidavits for him.  At this procedural posture, these conclusory allegations without more are insufficient to preclude a finding of summary judgment.  To the extent Plaintiff alleges a claim that he has been denied access to courts, that claim fails.  To succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."). Further, an inmate must allege specific injury resulting from the alleged denial of court access. *See Lewis*, 518 U.S. at 349; *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner must "show specific harm or prejudice from the allegedly denied access"). Here, Plaintiff does not identify what documents were thrown away or whether they were related to this case. Thus, there is no indication that Plaintiff has suffered a specific injury.

*Eleventh Amendment Immunity*

As noted above and as explained in more detail by the Magistrate Judge, Plaintiff brings claims against Defendants only in their official capacities. Plaintiff does not dispute this categorization in his objections. The Magistrate Judge determined that Defendants are entitled to Eleventh Amendment immunity for claims for money damages against them in their official capacities. The Court finds that the Magistrate Judge has stated the correct standard and incorporates her recitation of the applicable law. Upon review, the Court agrees that Defendants are entitled to Eleventh Amendment immunity for claims for damages against them in their official capacities.[3] As further explained by the Magistrate Judge, this action is subject to dismissal at this point; however, the Magistrate Judge proceeded to an evaluation of Plaintiff's constitutional claims as if he sued Defendants in their individual capacities. The Court will do likewise out of an abundance of caution.

*Ninth, Eleventh, Twelfth, and Thirteenth Amendment Claims*

As explained in more detail by the Magistrate Judge, Plaintiff states that he is bringing Ninth, Eleventh, Twelfth, and Thirteenth Amendment claims but he has not alleged any specific claims or facts related to these amendments. Plaintiff has not objected to this categorization of his claims. Nevertheless, upon de novo review, the

---

[3] The Magistrate Judge further notes that Plaintiff's request for injunctive relief—that everyone be criminally prosecuted—is unavailable. Upon review, the Court agrees. *See Linda R. v. Richard V.,* 410 U.S. 614, 619 (1973). Accordingly, summary judgment is granted as to Plaintiff's request for injunctive relief.

Court agrees that Plaintiff has not brought claims under these constitutional amendments. Further, to the extent Plaintiff alleges violations of detention center policies, these allegations fail to rise to the level of a constitutional violation.  Accordingly, to the extent necessary, summary judgment is granted as to these claims.

**Fourteenth Amendment Claims**

Plaintiff brings claims for excessive force and deliberate indifference to serious medical needs pursuant to the Fourteenth Amendment.  The Court will address each one in turn.

### Excessive Force

The Magistrate Judge determined that Defendants established that their use of force was appropriate, reasonable, and not excessive.  In his objections, Plaintiff states that he was struck in the head, knocked unconscious, dragged, and urinated on himself. ECF No. 51 at 2.

To establish a claim for excessive force, a pretrial detainee must show that the force "used against him was objectively unreasonable," which turns on the facts and circumstances of the individual case.  *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). A court may consider the following non-exclusive list of factors in determining whether the force used was objectively reasonable:

> [1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting.

5

*Id*.

Here, Plaintiff disputes Defendants version of events but has offered no evidence in support of his assertions. As explained in more detail by the Magistrate Judge, Defendants have provided evidentiary support for their arguments. Therefore, viewing the evidence in the light most favorable to Plaintiff and in consideration of the *Kingsley* factors, a reasonable jury could not find Defendants used "objectively unreasonable" force in moving Plaintiff to his cell and responding to his actions. Defendants aver that the force was "only used due to the Plaintiff's actions, and the use of force was stopped as soon as [Defendants] were able to gain control of the Plaintiff." *See* ECF Nos. 43-2 at 3; 43-3 at 2–3. Further, Plaintiff's medical records from after the incident indicate he was "in good condition physically." ECF No. 43-2 at 8. Plaintiff has failed to produce any evidence contradicting Defendants' testimony that they attempted to limit the amount of force used, contesting the severity of the security problem as described by Defendants and the perceived threat his behavior posed, or rebutting the evidence in the record demonstrating he was actively resisting Defendants. Accordingly, summary judgment is appropriate with respect to this claim.

### Deliberate Indifference

Plaintiff alleges a deliberate indifference to serious medical needs claim. The Magistrate Judge determined that Plaintiff sued non-medical Defendants; that Plaintiff did not establish a serious medical need; and that, even assuming he established a serious medical need, there is no evidence that the non-medical Defendants knew or should have known of any such condition and the unjustifiably high risk of harm it posed. In his

6

objections, Plaintiff states that Nurse Wakefield only checked his breathing when he was supposed to get x-rays, have his wounds cleaned, and be allowed to wash off the pepper spray.  ECF No. 51 at 2.

To establish a claim for deliberate indifference to serioius medical needs as a pretrial detainee, a plaintiff must show that (1) he had a medical condition or injury that posed a substantial risk of serious harm; (2) Defendants intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) Defendants knew or should have known (a) that he had that condition and (b) that Defendants' action or inaction posed an unjustifiably high risk of harm; and (4) as a result, Plaintiff was harmed.  *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (citations omitted).  Thus, a pretrial detainee may "state [a] Fourteenth Amendment claim[] for deliberate indifference to a serious risk of harm on the purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Id*. (quoting *Kingsley*, 576 U.S. at 398).

As an initial matter, the Court reiterates the Magistrate Judge's discussion of who has been served as a Defendant in this action.  While Plaintiff continues to reference Nurse Wakefield, she is not a party and Plaintiff's response in opposition to the motion for summary judgment and his objections are insufficient to amend his complaint to add her as a party.  Turning to the served Defendants, the Court agrees with the Magistrate Judge's recommendations.  Plaintiff has sued non-medical Defendants and has not

7

established any prong necessary to proceed on a deliberate indifference to serious medical needs claim. Accordingly, summary judgment is appropriate.[4]

***Qualified Immunity***

The Magistrate Judge recommends finding that Defendants are entitled to qualified immunity for claims for damages against them in their individual capacities. As the Court has found that Plaintiff failed to establish a genuine issue of material fact with respect to any constitutional violations, the Court agrees that Defendants are entitled to qualified immunity for claims for damages made against them in their individual capacities. *See Hope v. Pelzer*, 536 U.S. 730, 736 (2002).

## CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with and adopts the recommendations of the Magistrate Judge. Defendants' motion for summary judgment [43] is **GRANTED**. This action is closed.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 31, 2026
Spartanburg, South Carolina

---

[4] To the extent any claim was addressed by the Magistrate Judge and not specifically addressed herein, *see, e.g.*, ECF No. 49 at 15 n. 10, the Court specifically adopts the Magistrate Judge's well-reasoned analysis.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.